Vincent A. Ltjpiano, J.
Plaintiff herein snes her husband for absolute divorce. She now moves for an order precluding him from giving evidence as to certain matters alleged in his (2) counterclaims. The counterclaims: first, for annulment of the marriage on the ground of fraud in that the wife misrepresented to the husband that she was a woman of chaste character and had not cohabited with other men except with her previous husband; second, for divorce on the ground that upon information and belief, the plaintiff committed adultery with a person or persons unknown, after their marriage which took place on February 1, 1957.
Pursuant to a conditional order of preclusion dated November 26, 1958, defendant served upon the plaintiff a bill of particulars purportedly responsive to her original demand which required, in essence, that he specify in detail approximate dates, times of day, precise addresses or locations of places where, and with whom, defendant claims plaintiff engaged in sexual inter *1022 course as alleged in Ms counterclaims. Answering the demand with respect to plaintiff’s alleged premarital conduct, defendant has listed 60 names stating that the other information requested is presently unknown to the defendant, and further stating that the source of his “ belief ” as to those individuals is information secured from the plaintiff herself. With respect to plaintiff’s alleged postmarital misconduct, defendant states that he does not possess the requested information, but intends to elicit it from testimony of witnesses under subpoena at the trial. No inkling to these witnesses is given. Defendant, apparently relying on what he considers a literal reading of the previous order of this court to the effect that “ (I)f the defendant has no knowledge of the information requested and cannot acquire same, he should so state under oath”, has taken the position that by denying actual knowledge nothing more is required of him. With this the court disagrees.
The defendant has actually named not one but 60 sundry men with whom he claims the plaintiff has had premarital excursions. For this conduct he would want their marriage voided; for good measure and for a divorce he charges the plaintiff with postmarital wrongs. All of this, to say the least, is massive accusation. But the accuser cannot trifle with accusation, nor harvest what he has heard, even from the accused herself, unless he. can cite chapter and verse of such alleged conduct which makes Jezebel look like Pollyanna. A roll call of names, alone, is not enough for pretrial knowledge; fair play and the necessity of pretrial preparation require that specification of times and places with each of the listed gentry be given; else the defendant will stand in danger of being silenced in those particulars necessary to establish his causes of action in fraud and divorce.
Defendant will be granted another opportunity to comply with the plaintiff’s demand. Failing such compliance, he will be prevented from offering any evidence at the trial with respect to the matters demanded. Motion to preclude is accordingly granted unless the defendant serves a supplemental bill of particulars, complete as to the information previously omitted within 15 days after service of a copy of this order with notice of entry thereof.
However, if the defendant is unable to furnish the particulars in the maimer directed because of lack of knowledge or inability to obtain such information, he may so state under oath, and if said defendant obtains such information before the trial, the information shall be furnished within 10 days after such infor *1023 mation has been obtained by him and at least 15 days before the trial of the action.
. Branch of the motion to strike the second counterclaim is denied. The consequences of preclusion are determinable upon the trial.
Settle order.